UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO HERNANDEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFF MACOMBER, et al.,<br><br>  Defendants. | No. 2:22-cv-0964 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants made false allegations during the disciplinary hearing process. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 6) and his complaint (ECF No. 1) for screening. For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 6.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**I.      Allegations in the Complaint**

Plaintiff claims the events giving rise to the claim occurred while he was incarcerated at California State Prison, Sacramento (CSP-SAC). (ECF No. 1 at 2.) He has identified the following defendants: (1) CSP-SAC warden J. Macomber, (2) correctional officer, L. Holloway;

////

1  (3) correctional officer, J. Ware; (4) correctional officer, C. Pierce, (5) correctional officer,
2  Chavez; (6) correctional officer, J. Avila; and (7) correctional officer, S. Elizarraras.  (Id.)
3    Plaintiff states that on March 7, 2021, inmate Garcia suffered injuries while in the
4  dayroom.  (Id. at 3.)  When prison staff asked Garcia what happened, Garcia told them that he
5  fell.  On June 7, 2021, Garcia affirmed that plaintiff did not assault or batter him.  Correctional
6  officer Avila falsely stated in his report that he observed plaintiff wiping blood of his hands with
7  a face mask and throwing the mask in a trash can.
8    Plaintiff alleges that an investigative employee asked if Avila retrieved the bloody face
9  mask mentioned in the report.  Avila stated that he did not retrieve the mask.  Plaintiff states that
10 Ware "corroborate[d]" the lie and added that staff had told him there was blood on the face mask.
11 (Id. at 3-4.)  Plaintiff states that the medical report along with pictures taken for evidence show
12 that he did not have any active bleeding, dried blood, or any areas that were red or swollen.  (Id.
13 at 4.)
14   Officer Elizarraras falsely put in his report that plaintiff had blood and abrasions on both
15 hands and knuckles.  (Id.)  Plaintiff states the evidence shows that he had "two minor
16 abrasions/scratches on [his] right knuckle.  He alleges lieutenant Pierce "corroborate[d] these
17 false statements and alter[ed] [plaintiff's] alleged 'self-admission.'"  (Id.)
18   Officer Chavez was questioned by an investigative employee on June 6, 2021.  (Id. at 4.)
19 Chavez was asked if he found blood on plaintiff's body or clothing.  Chavez stated that he had not
20 searched plaintiff.  However, plaintiff claims evidence shows that Chavez performed an
21 unclothed body search on plaintiff.
22   Plaintiff states Lieutenant Holloway presided over the disciplinary hearing and chose "to
23 support the counterfeit statements and alterations constructed by his peers."  Holloway also
24 falsely stated that officer Cooper helped plaintiff to his feet and asked what happened.  Cooper
25 claimed that plaintiff said, "It was a one on one. No one else. You know how it is man."  Plaintiff
26 alleges that Cooper never made such a statement.  (Id. at 4.)
27 ////
28 ////

4

**II.     Does Plaintiff State a Claim under § 1983?**

The filing of a false rules violation report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. See Muhammad v. Rubia, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), aff'd 453 Fed. Appx. 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of fabricated charge fail to state a claim under § 1983.") (internal citation omitted); Harper v. Costa, No. CIVS07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009), aff'd 393 Fed. Appx. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . Have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

There are, however, two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right and (2) when the prisoner alleges that she was not afforded procedural due process in a proceeding concerning a false report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural protections . . . are provided."); see also Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530 at *3 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirement[] . . . .'") (quoting Hanrahan, 747 F.2d at 1140).

Prisoners subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, although they are not entitled to the full panoply of rights afforded to criminal defendants.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal, 549 F.2d 1293, 1296099 (9th Cir. 1977) (prison disciplinary proceedings command the least amount of due process along the prosecution continuum).  Prison disciplinary actions are subject to the following procedural requirements under Wolff: (1) written notice of the charges; (2) a hearing, with at least 24-hours advance notice; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the prisoner's right to call witnesses in his or her defense, if doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to prisoners who are illiterate or whose issues are particularly complex. Wolff, 418 U.S. 556-71.

The complaint does not contain any allegations indicating that officers made false statements during the disciplinary hearing process in order to retaliate against plaintiff.  Nor does it contain allegations showing that plaintiff was denied due process.  Accordingly, the allegations in the complaint do not state a potentially cognizable claim.

**AMENDING THE COMPLAINT**

As set forth above, the complaint fails to state a claim.  However, plaintiff will have the opportunity to file an amended complaint.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order

      to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: September 28, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/hern0964.scrn

8