UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO HERNANDEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>JEFF MACOMBER, et al.,<br><br>            Defendants. | No. 2:22-cv-0964 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants made false allegations during the disciplinary hearing process. Presently before the court is plaintiff's amended complaint (ECF No. 12) for screening. For the reasons set forth below, the court will give plaintiff the option to proceed immediately with his due process claim against defendants Holloway, Ware, Pierce, Chavez, Avila, and Elizarraras or file an amended complaint.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**I.   Allegations in the Complaint**

Plaintiff claims the events giving rise to the claim occurred while he was incarcerated at California State Prison, Sacramento (CSP-SAC). (ECF No. 12 at 2.) He has identified the following defendants: (1) CSP-SAC warden J. Lynch; (2) CSP-SAC lieutenant L. Holloway; (3) CSP-SAC sergeant J. Ware; (4) CSP-SAC correctional officer, C. Pierce; (5) CSP-SAC correctional officer, Chavez; (6) CSP-SAC correctional officer, J. Avila; and (7) CSP-SAC correctional officer, Elizarraras. (Id. at 3-4.)

Plaintiff states that on March 6, 2021, he "sustained minor abrasions and/or scratches throughout [his] body," two on his right hand, during recreational activities. (Id. at 13.) On March 7, 2021, inmate Garcia "suffered a hard fall" during dayroom recreation. (Id.) Plaintiff states he hurried to Garcia's aid because plaintiff was Garcia's friend and cellmate, but "kept a safe distance" due to the blood. Garcia had trouble staying on his feet but climbed up to the top tier.

On March 7, 2021, officer Paniagua witnessed inmate Garcia lying face down in the dayroom. Paniagua activated an alarm. Officers "rushed into the dayroom." (Id. at 13-14.) Plaintiff alleges the officers only targeted him and other Hispanic inmates. (Id. at 14.) As the Men's Advisory Council Representative ("MAC-Rep") plaintiff began to question the officers'

actions. Plaintiff advised officer Avila that Garcia had fallen, but the "harassment continued." All of the "Mexican/Hispanic inmates were searched, placed in hand-cuffs [sic] and escorted to the 'lower sally port,' where [they] were placed in cages and strip-searched." (Id.)

When Garcia was questioned by the investigative employee, Cadena, he stated, plaintiff had nothing to do with his fall. Sergeant Ware remained adamant that Garcia had been stabbed and ordered officers to search for the weapon. Plaintiff states that because he previously questioned the officers, they believed plaintiff attacked Garcia. Plaintiff was asked how he got abrasions on his hand. He told them it was from a football game the previous day. Plaintiff claims sergeant Ware "labeled [him] guilty before a 'senior hearing officer' could review" any of the evidence. (Id. at 14-15.)

Officer Elizarraras ignored plaintiff's request to take pictures of his knees, and only took pictures of his hands. (Id. at 15.) He further states that Elizarraras put in his report that plaintiff had blood and abrasions on his hands. Plaintiff argues photographs attached to the complaint show that he did not have any active bleeding, dry blood, redness or swelling on either hand.

Plaintiff further claims officer Pierce supported the false allegations. (Id.) He states she did not provide a fair and just hearing. Plaintiff maintains that he never admitted to striking Garcia and did not make the statement contained in Pierce's report.

Officer Avila claimed in his report that plaintiff spontaneously stated, "It was just one on one, you know how it is." Avila also claimed he observed plaintiff wiping blood off his hands with a face mask. (Id. at 16.)

Plaintiff alleges that when officer Chavez was questioned by Cadena, the investigative employee, Chavez stated he never conducted an unclothed body search of plaintiff. Plaintiff alleges Chavez's statement is contradicted by an exhibit[1] attached to the complaint.

Sergeant Ware stated in his report that there was blood on a face mask belonging to plaintiff. However, plaintiff alleges no mask was ever recovered.

---

[1] Plaintiff's exhibit D, (ECF No. 12 at 32), consists of a Holding Cell Log dated March 7, 2021. The form indicates that Chavez conducted an unclothed body search of plaintiff with "negative" results. (Id.)

4

Plaintiff states lieutenant Holloway served as senior hearing officer during the RVR hearing. Plaintiff alleges that Holloway "supported" the "fabricated documents/reports" even though plaintiff showed Holloway the contradictions.

Plaintiff claims warden Lynch "participated directly in the constitutional violations" by failing to remedy the wrongdoing after being informed of the violations by plaintiff's filing of an appeal. (Id. at 17.)

## II.     Does Plaintiff State a Claim under § 1983?

As stated in the prior screening order (ECF No. 9 at 5), the filing of a false rules violation report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. See Muhammad v. Rubia, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), aff'd 453 Fed. Appx. 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of fabricated charge fail to state a claim under § 1983.") (internal citation omitted); Harper v. Costa, No. CIVS07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009), aff'd 393 Fed. Appx. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . Have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

There are, however, two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right and (2) when the prisoner alleges that she was not afforded procedural due process in a proceeding concerning a false report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials

provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural protections . . . are provided."); see also Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530 at *3 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirement[] . . . .'") (quoting Hanrahan, 747 F.2d at 1140).

Prisoners subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, although they are not entitled to the full panoply of rights afforded to criminal defendants. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal, 549 F.2d 1293, 1296099 (9th Cir. 1977) (prison disciplinary proceedings command the least amount of due process along the prosecution continuum). Prison disciplinary actions are subject to the following procedural requirements under Wolff: (1) written notice of the charges; (2) a hearing, with at least 24-hours advance notice; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the prisoner's right to call witnesses in his or her defense, if doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to prisoners who are illiterate or whose issues are particularly complex. Wolff, 418 U.S. at 556-71.

In the amended complaint, plaintiff alleges defendants Ware, Pierce, Chavez, Avila, and Elizarraras put false information in their reports and he was denied due process during the disciplinary hearing because officer Holloway, who presided over the disciplinary hearing, "did not even bother viewing the facts choosing to support fabricated documents violating due process." (ECF No. 12 at 5.) "The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence." Edwards v. Balisok, 520 U.S. 641, 647 (1997) (citing Wolff, 418 U.S. at 570-571).

////

In light of plaintiff's allegations that Holloway refused to review evidence supporting plaintiff's claim that he is innocent of the offense, the court finds that plaintiff has stated a potentially cognizable due process claim. See Wolff, 418 U.S. at 517 (finding arbitrary decision making and dishonest suppression of evidence of innocence violates due process).

Under § 1983, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2004). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a 'sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citations omitted); Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotation marks omitted).

Plaintiff claims Lynch violated his rights because he failed to "remedy the wrongdoing" after he was informed of the alleged violations "through a report or appeal." (ECF No. 12 at 17.) Broad allegations that a warden is legally responsible for the welfare of inmates is not sufficient to state a claim. See Lopez v. Cate, No. C 11-2644 YGR (PR), 2012 WL 4677221, at *10 (N.D. Cal. Sept. 30, 2012). He further states Lynch was "grossly negligent in supervising subordinates who committed wrongful and rogue acts." (ECF No. 12 at 17.) Such allegations fail to show that Lynch personally participated in the alleged rights violations and government officials may not be held liable for the conduct of their subordinates on a theory of respondeat superior. Ashcroft, 556 U.S. at 675 (2009). Accordingly, the allegations in the complaint do not state a potentially cognizable claim against Lynch.

////

////

### AMENDING THE COMPLAINT

As set forth above, the complaint states a claim against defendants Holloway, Ware, Pierce Chavez, Avila, and Elizarraras, but does not contain any additional claims. Thus, plaintiff will have one the option to proceed immediate on this claim or to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

////

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff states a potentially cognizable due process claim against defendants Holloway, Ware, Pierce Chavez, Avila, and Elizarraras as set forth in Section III above.  The complaint does not contain any additional cognizable claims. Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.

2. Within twenty (20) days of the date of service of this order, plaintiff shall fill out an return the attached form indicating how he would like to proceed in this action.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  January 25, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/hern0964.scrn2

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF MACOMBER, et al.,<br><br>        Defendants. | No.  2:22-cv-0964 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on his due process claim against defendants Holloway, Ware, Pierce Chavez, Avila, and Elizarraras.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing the other claims and defendants.

\_\_\_\_\_   Plaintiff wants to amend the complaint.

DATED:_____

                                                                   _____
                                                                   Alfredo Hernandez
                                                                   Plaintiff pro se